SANDRA WEISS, Appellant, *v.* OPPORTUNITIES FOR CORTLAND COUNTY, INC., Respondent.

Third Department, November 9, 1972.

*Wiggins, Tsapis, Golder & Holmberg* (*Stanley Tsapis* of counsel), for appellant.

*Haskell & Foley* (*Thomas Meldrim* of counsel), for respondent.

KANE, J. This is an appeal from an order of the Supreme Court at Special Term, entered January 7, 1972 in Cortland County, which (1) denied petitioner's motion for a declaratory judgment and (2) granted respondent's cross motion to dismiss.

While this action has been instituted in an improper form, the court has obtained jurisdiction over the parties in a civil judicial proceeding and accordingly must make an order for its proper prosecution (CPLR 3001; CPLR 105, subd. [d]; CPLR 103, subd. [c]; CPLR 3017, subd. [a]; *Matter of Phalen* v. *Theatrical Protective Union No. 1,* 22 N Y 2d 34). Therefore, what is before the court is an appeal from an order granting a motion to dismiss a complaint in an action for a declaratory judgment upon the grounds the complaint does not state facts sufficient to constitute a cause of action (CPLR 3211, subd. [a], par. 7). The order must be affirmed.

Respondent was originally incorporated in 1965 under the provisions of the Membership Corporations Law in order to become eligible for Federal funding as a community action agency within the contemplation of Economic Opportunity Program of 1964 (U. S. Code, tit. 42, §§ 2701–2994d). The certificate of incorporation was thereafter amended on November 1, 1967 to include, among its purposes, the operation of a child day care center (Not-For-Profit Corporation Law*, § 802).

Ultimately, respondent instituted the administration of a '' Project Headstart '' within the established structure and appellant, who had been employed in 1967 as director of the previously established child day care center, became responsible for the administration of the Headstart program. Subsequently, the Director of the Economic Opportunity Program promulgated certain '' guidelines '' for the operation of the Headstart program which mandated the formation of '' policy councils '' consisting of parents of children in the program and representatives of the community. Broad powers relating to budgetary matters and personnel were given to these policy councils, including the power to hire and fire a Headstart director. Although a policy council was never fully formed by including representatives of the community, one was established and per-

---

* The Membership Corporations Law was superseded by the Not-For-Profit Corporation Law in 1969, effective September 1, 1970.

formed certain duties with respect to budget matters. In the meantime, the relationship between appellant and respondent deteriorated to the extent that on October 7, 1971, respondent terminated her employment as Headstart director. This was done without request or knowledge of the "policy council" as it existed, and in contravention of the administrative directive of the "Assistant Regional Director for Headstart and Child Development" that such action by respondent was in violation of the terms of their Headstart grant and would result in action to suspend Federal funding for respondent.

It is the contention of the appellant that a Headstart Policy Council was in existence at the time of respondent's action in terminating her employment and such action was prohibited without the council's approval under the terms of respondent's charter and its original contract with the Office of Economic Opportunity.

We need not seriously consider these contentions. It is fundamental that the business of a corporation shall be managed by its board of directors, the only exception being a provision contrary to this rule in its charter. (Not-For-Profit Corporation Law, § 701.) In the course of its duties a board of directors may appoint or remove any officer of the corporation with or without cause (Not-For-Profit Corporation Law, § 714). A fortiori, a board of directors has the same freedom to remove an employee of the corporation. A board of directors may, under certain conditions, agree not to terminate an employment relationship until the expiration of a stated period (*Clark v. Dodge*, 269 N. Y. 410). However, unless there is a definite period of employment specified by contract, the hiring is one at will (*Whitley* v. *Pacific Ind.*, 28 A D 2d 147, affd. 22 N Y 2d 726).

An attempt by the respondent to be bound by Federal regulations (in its certificate or by contract) would divest the board of directors of authority to fire employees and, consequently, would be beyond its powers and illegal. Acceptance of the provisions of such directive would also delegate to those at the Federal administrative level the power to supersede acts of the State Legislature and create an invasion into the internal affairs of a domestic corporation.

The order should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., SWEENEY and SIMONS, JJ., concur.

Order affirmed, without costs.